IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS TUCKER and<br>AMBER TUCKER,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL INC. and<br>FCA US, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:25-cv-824-CWB<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION & ORDER**

**I.    Procedural History**

Thomas Tucker and Amber Tucker filed this action in the Circuit Court of Geneva County, Alabama to assert claims arising out of their purchase and financing of a new motor vehicle. (*See* Doc. 1-2 at p. 6).  Named as defendants were Ally Financial Inc. and FCA US, LLC.  (*Id*.). After a transfer of venue to the Circuit Court of Coffee County, Alabama, Ally Financial Inc.— with the consent of FCA US, LLC—removed proceedings to federal court on purported grounds of diversity jurisdiction.  (*See* Docs. 1 & 1-3).  According to the Notice of Removal, "[t]here is complete diversity of citizenship …, and the amount in controversy exceeds $75,000."  (Doc. 1 at p. 2, ¶ 7).

Shortly after removal, however, the Tuckers moved for a remand to state court on the assertion that "the amount in controversy does not exceed $75,000[]."  (Doc. 10) (emphasis added). The disputed jurisdictional issue was fully briefed (*see* Docs. 10, 17, & 18), and the court heard oral argument on December 2, 2025 (*see* Doc. 21).  Upon careful review and consideration of the parties' respective positions, the court will conclude that removal jurisdiction was lacking and that proceedings are due to be remanded to the Circuit Court of Coffee County, Alabama.

1

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on its judicial authority, it is incumbent upon the court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With specific respect to actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441. *See also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In general, federal courts lack such original jurisdiction unless at least one of two sources of subject matter jurisdiction is present: a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or a complete diversity of citizenship among the parties coupled with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). And it falls upon the removing party to establish that jurisdiction exists. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any jurisdictional doubts should be resolved in favor of remand. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's right to remove "are not on equal footing." *Id*.

### III.   Discussion

#### A.   Federal Question Jurisdiction

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction. Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. It is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

#### B.   Diversity Jurisdiction

As reflected by both the parties' written submissions (*see* Docs. 11, 12, 15, & 16) and the on-the-record representations of counsel, there is no dispute that a complete diversity of citizenship exists for purposes of § 1332(a)(1). *See Hood v. Veazey*, No. 2:20-cv-712-ECM, 2021 WL 3713048, *1 (M.D. Ala. Aug. 20, 2021) ("Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant.") (citation omitted). The dispositive issue then is whether the "matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

The Tuckers' motion to remand unequivocally stated that "the amount in controversy does not exceed $75,000[]," and counsel for the Tuckers later stated affirmatively during oral argument that the Tuckers were not seeking in excess of $75,000, had never been seeking

in excess of $75,000, and would not accept in excess of $75,000—all exclusive of interest and costs as used in § 1332(a). Such averments are precisely of the type that consistently have been recognized as requiring remand. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003) ("[W]e give great deference to such representations and presume them to be true."); *see also Stokes v. Homes*, No. 2:08-cv-806, 2009 WL 413755, *2 (M.D. Ala. Feb. 18, 2009); *Thornton v. Waffle House, Inc.*, No. 2:06-cv-446, 2006 WL 2631350, *2 (M.D. Ala. Sept. 13, 2006); *Lacey v. Dollar Gen. Corp.*, No. 2:05-cv-1041, 2005 WL 3240708, *2 (M.D. Ala. Nov. 30, 2005); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999). The court thus finds that the amount in controversy falls short of the minimum necessary to have rendered removal jurisdiction proper. *See Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.").[1]

---

[1] Based upon the representations of counsel, this is not a scenario where the amount in controversy was <u>reduced</u> post-removal in an improper attempt to oust jurisdiction that already had attached. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007). It also is noted that courts remanding proceedings under similar circumstances routinely caution counsel that failure on remand to abide by a prior stipulation to not seek or accept damages in excess of $75,000 may result in sanctions that "will be painful upon arrival." *See, e.g., Moss*, 43 F. Supp. 2d at 1304. Certainly the court retains the same authority here. *See Federated Mut.*, 329 F.3d at 808 (stating that "lawyers are officers of the court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose"). To the clear, the court has no reason to question the representations or commitments made by the Tuckers' counsel and finds them consistent with the court's own view of the record. However, the specter of sanctions should provide a level of comfort to the other parties that the limited amount in controversy cannot and will not be exceeded. *See, e.g., White v. Regions Bank*, No. 2:25-cv-504, 2025 WL 2648249, *3 (M.D. Ala. Sept. 15, 2025) (reminding counsel that "[t]hese statements and representations are binding no matter what happens in the future").

Even though the court finds the stipulation conclusive of the remand issue, it would reach the same result without it.  Because the Complaint does not place a precise value on the total sum of damages being sought, Ally must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Buckeridge v. Tuskegee Univ.*, No. 3:20-cv-856, 2021 WL 6884910, *1 (M.D. Ala. Jan. 6, 2021) ("When the plaintiff alleges unspecified damages, the party seeking to remove bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).  Count One seeks to recover under Ala. Code § 8-20A-2(b), which affords the option of obtaining a comparable replacement vehicle <u>or</u> a refund of the purchase price and other specified charges.  The record reflects that the base price of the Tuckers' vehicle was $48,150.  (*See* Doc. 10-1).  Nothing placed into the record or stated during oral argument suggests that any further recoverable items would be more than *de minimis.*  (*Id*.).  Although attorney's fees may be included within an award under Count One, *see* Ala. Code § 8-20A-3(c), it would be entirely speculative to assume at this stage that such fees would place the amount in controversy above the $75,000 jurisdictional threshold.  Count Two for "Breach of Warranty" expressly demands the sum of $70,000 and likewise falls below the jurisdictional threshold in the absence of sufficient evidence to preponderate in favor of a contrary finding.  *See* 28 U.S.C. § 1446(c)(2)(B).  Count Three is styled "Recission of Acceptance" and requests "a return of all money paid"—an amount far below $75,000.  And relief on Count Four would be limited to the amount paid under the retail installment contract and therefore could not exceed $75,000 in this instance.  *See* 16 C.F.R. § 433.2.  In short, there is nothing in the record to suggest that the Tuckers had paid anywhere near $75,000 at the time of removal, would ever pay more than $75,000, or would receive relief exceeding $75,000 in value.

Based upon the current record, there is simply no way for the court to conclude that the threshold jurisdictional amount was "more likely than not" satisfied at the time of removal. *See, e.g., Nelson v. Tuskegee Univ.*, No. 3:17-cv-512, 2018 WL 1719715, *3 (M.D. Ala. 2018); *see also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("[T]he removing party bears the burden of showing the existence of federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). "[T]o the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand." *Benton v. Safeway Ins. Co. of Alabama*, No. 3:17-cv-95, 2017 WL 2374725, *2 (M.D. Ala. May 11, 2017). But to find here that jurisdiction was present at the time of removal would require precisely the opposite. *See id.* at *2 ("[I]t is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court.") (citing *Burns*, 31 F.3d at 1095); *see also Parker*, 2016 WL 3892454 at *5 ("While it is legally possible that Plaintiff could recover more than the jurisdictional amount, WPS's burden in sustaining removal jurisdiction is much heavier.").

## IV.   Conclusion

For the reasons stated above, it is hereby **ORDERED** that the pending motion to remand (Doc. 10) is **GRANTED** such that this action is remanded to the Circuit Court of Coffee County, Alabama.  The clerk of court is **DIRECTED** to take all necessary steps to effectuate the remand.[2]

**DONE** this the 5th day of December 2025.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Because the court lacks subject matter jurisdiction, it cannot reach the issues raised in the pending motion to dismiss filed by Ally Financial Inc. (*see* Doc. 19).